UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CEFRINO CAMPOS,

Plaintiff,

vs.                                        Case No.:

NATIONS RECOVERY CENTER
INCORPORATED,

Defendant.
_____/

## COMPLAINT

1.      Plaintiff allegesa violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq. ("FCCPA").

## JURISDICTION

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA"), and pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq.

3.      This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasion of Plaintiff's personal and financial privacy by this Defendant and its agent in its illegal effort to collect a consumer debt from Plaintiff.

1

4. Venue is proper in this District because the act and transaction occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Plaintiff, Ceferino Campos, is a natural person who resides in the City of Miami, County of Dade, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, NATIONS RECOVERY CENTER INCORPORATED, ("Nations") address of 6491 Peachtree Industrial Boulevard, Doraville, GA 30360, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Nations regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant Nations regularly collects or attempts to collect debts for other parties.

9. Defendant Nations is a "debt collector" as defined in the FDCPA.

10. Defendant Nations was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

13. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

14. After the initial correspondence with Plaintiff, Defendant has failed to send a letter to Plaintiff notifying him of his rights and privileges under the law.

15. Defendant has failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to determine whether or not he owes the alleged debt and whether the alleged debt was correctly calculated.

## COLLECTION CALL

16. In or about May, 2011, Defendant Nation's collector contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

17. During this May, 2011 call, Defendant left a voice mail on Plaintiff's answering machine, identifying himself as a debt collector.

## SUMMARY

18. The above-described collection communication made to Plaintiff by Defendant Nations, and a collection employee employed by Defendant Nations, was made in violation of multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(3), 1692b(5), 1692e. 1692,f, and 1692g, as well as the FCCPA § 559.72(5), and § 559.77(5).

19. During its collection communication, Defendant and this individual debt collector employed by Defendant Nations failed multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(3), and 1692b(5), amongst others.

20. The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of multiple provisions of the FDCPA, including but not limited

to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts.

21. Defendant's disclosure of Plaintiff's indebtedness to a third party was an invasion of his privacy and his right to financial privacy.

### TRIAL BY JURY

22. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

### CAUSES OF ACTION

### COUNT 1

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The foregoing act and omission of the Defendant and its agent constitutes multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq., with respect to this Plaintiff.

25. As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT 2

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

26. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

27. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.15 U.S.C. § 1692(a) (emphasis added).

28. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.15 U.S.C. § 6801(a) (emphasis added).

29. Defendant and/or its agent intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by unlawfully attempting to collect a debt and thereby invaded the Plaintiff's privacy.

30. Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely,

5

by unlawfully disclosing information about this debt to a third party, and thereby invaded Plaintiff's right to financial privacy.

31. Defendant disclosed Plaintiff's alleged indebtedness to Barbie Brewer. Defendant knew or had reason to know that Barbie Brewer did not have a legitimate need for the information.

32. The Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

33. The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

## COUNT 3

### VIOLATION OF 559.72 (5) OF THE FLORIDA CONSUMER COLLECTION PRACTICESACT

34. Defendant disclosed Plaintiff's alleged indebtedness to Barbie Brewer. Defendant knew or had reason to know that Barbie Brewer did not have a legitimate need for the information.

35. As a result of the improper disclosure to a third party, Plaintiff's reputation has been affected.

## COUNT 4

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of his rights to dispute the debt or request verification of the deft.

38. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

## COUNT 5

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f

39. Upon information and belief, Defendant has attempted to collect a debt in which the amount sought was not expressly authorized by the agreement creating the debt or permitted by law.

## COUNT 6

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e

40. Defendant has falsely represented the amount of debt allegedly due.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Damages and

B) Attorneys' fees and costs

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated: May 23, 2011

Respectfully submitted,

/s Andrew I. Glenn_____
Andrew I. Glenn
E-mail:  AGlenn@cardandglenn.com
Florida Bar No.:  577261
J. Dennis Card, Jr.
E-mail:DCard@cardandglenn.com
Florida Bar No.  0487473
Card & Glenn, P.A.
2501 Hollywood Boulevard, Suite 100
Hollywood, Florida 33020
Telephone:  (954) 921-9994
Facsimile:   (954) 921-9553
Attorneys for Plaintiff